IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOSEPH D. LEEKS, III, and ELIZABETH R. LEEKS,

        Plaintiffs,

Civil Action No.
5:15-CV-0826 (LEK/DEP)

  v.

HANNAH R. AMBERGE, *et al.*,

        Defendants.

---

APPEARANCES:

FOR PLAINTIFF:

ELIZABETH R. LEEKS, *Pro se*
P.O. Box 683
Ithaca, NY 14851-0683

JOSEPH D. LEEKS, III, *Pro se*
P.O. Box 683
Ithaca, NY 14851-0683

FOR DEFENDANTS:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT, RECOMMENDATION AND ORDER

*Pro se* plaintiffs Joseph D. Leeks, III, and Elizabeth R. Leeks have commenced this action, pursuant to 42 U.S.C. § 1983, against thirteen individuals alleging that they violated their civil rights. Plaintiffs' complaint and accompanying applications for leave to proceed *in forma pauperis* ("IFP") have been referred to me for consideration. Based upon my review, I grant plaintiffs' IFP applications and recommend that their complaint be dismissed with leave to replead.

## I. BACKGROUND

Plaintiffs commenced this action on July 8, 2015. Dkt. No. 1. Their complaint was accompanied by separate applications for leave to proceed without prepayment of fees or costs and was followed by the filing of a motion for a temporary restraining order and preliminary injunction. Dkt. Nos. 2, 3, 6. In their complaint plaintiffs name thirteen defendants of varying descriptions, including (1) Hannah R. Amberge ("Sister-in-Law"); (2) Sarah R. Amberge ("Sister-in-Law"); (3) Erica Sloma ("unknown"); (4) Micheal F. Mierzejewski-Sloma ("unknown"); (5) Cindy Jacobson ("CPS Investigator"); (6) Joseph R. Cassidy ("Family Court Judge"); (7) Ed Sloma ("unknown"); (8) Candace Sloma ("unknown"); (9) Lucy Gold ("Attorney/Law Guardian");

2

(10) Suzanne V. Reine ("Attorney"); (11) Sophia Piacentini ("CPS Unit Caseworker"); (12) Matthew J. D'Ortona ("Psychiatry and Psychology"); and (13) Carl Christensen ("License [sic] Clinical Social Worker-Registered, LMFT"). Dkt. No. 1 at 2-4.

The complaint in this action asserts three causes of action alleging, in essence, that the defendants conspired to secure the removal of plaintiffs' minor children from their custody based upon false accusations in violation of their rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.[1] Dkt. No. 1 at 2. Unfortunately, however, the allegations in the complaint are generally conclusory and not particularly descriptive, and fail to permit meaningful analysis of whether plaintiffs' claims are potentially meritorious or whether they are subject to issue preclusion, which applies to matters involving state court domestic disputes litigated in a federal court, and/or the *Rooker-Feldman* doctrine.[2] For example, although it appears that a legal proceeding occurred in Tompkins County Family Court based on allegations that defendants conspired to

---

[1] In both their complaint and motion for preliminary injunction, plaintiffs attribute defendants' actions to animus against interracial marriages and couples with biracial children. Dkt. No. 1 at 6; Dkt. No. 6 at 4.

[2] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker-Feldman v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

remove minor children from plaintiffs' custody and the inclusion of a Tompkins County Family Court Judge as a defendant, the complaint does not describe the circumstances under which plaintiffs' custodial rights were terminated or interfered with. *Id.* at 2-6. Plaintiffs allege only that the interference with their custodial rights was based upon false allegations and a flawed Department of Social Services report, in violation of their rights to procedural due process. *Id.* Plaintiffs also contend that confidential information was inappropriately disclosed by the defendants. *Id.* Plaintiffs' complaint seeks the following relief:

> 1. Stay and or Temporary Injunction Ordering return of the children to their Parents the Plaintiffs immediately;
>
> 2. Stay and or Removal of all proceedings in the State of New York Family Courts In Tompkins County and Monroe County and or Appealate [sic] Court[s] in Albany, New York;
>
> 3. A Permanent Order of Protection against all of the named Defendants, as well as New York State Department of Social Services (DSS/CPS) to keep away from the Leeks family namely Joseph, Elizabeth, kids ZJL, ZJL, BVL, CGL, KBL, and other immediate family of the Plaintiffs;

> 4. That the Plaintiffs be awarded Damages and
> Punitive Damages in the amount of $50,000,000
> and damages for Pain, Suffering, Mental Anguish,
> and any other relief deemed just and appropriate[.]

*Id.* at 7.

II. DISCUSSION

    A. Application for Leave to Proceed IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he or she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiffs meet the

---

[3] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

5

requirements for IFP status, their applications for leave to proceed IFP will be granted.[4]

    B.    Analysis of Plaintiffs' Complaint

        1.    Standard of Review

Because I have found that plaintiffs meet the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in their complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint

---

[4] Plaintiffs are reminded that, although their IFP applications have been granted, they will still be required to pay fees that they incur in this action, including copying and/or witness fees.

before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of

dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the

8

plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis</u>

        a.    <u>Domestic Relations Exception</u>

Plaintiffs' complaint involves matters that draw into question the court's jurisdiction. Federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In accepting matters for adjudication, district courts must insure that the subject matter requirement is met, and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir.1997) ("[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte*." (quotation marks and alterations omitted)). "Where

jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiffs' federal claims in this action are brought under 42 U.S.C. § 1983, and are couched in terms of constitutional deprivations. *See generally* Dkt. No. 1. Ordinarily, the court would possess subject matter jurisdiction over such claims. 28 U.S.C. §§ 1331, 1343. There exists, however, a judicially recognized exception to federal subject matter jurisdiction in matters involving domestic relations. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992); *Thomas v. N.Y.C.*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993). Specifically, the Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703). The exception recognizes that "the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal

courts lack." *Thomas*, 814 F. Supp. at 1146 (citing *Ankenbrandt*, 504 U.S. at 703-04). "The doctrine also rests on the idea that state courts are peculiarly suited to enforce state regulations and domestic relations decrees involving alimony and child custody particularly in light of the fact that such decrees often demand substantial continuing judicial oversight." *Id.*

While the plaintiffs in this case have invoked their constitutional rights and have sought monetary damages as part of the relief requested, it is clear from their complaint that the primary thrust of their claims is aimed regaining custody of their infant children. *See, e.g.,* Dkt. No. 1 at 7 (requesting the "Stay or Temporary Injunction Ordering return of the children to their Parents[,] the Plaintiffs[,] immediately[.]"). As the Second Circuit has noted, where tort claims "begin and end in a domestic dispute," state courts are better suited to adjudicate the claims. *See Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (affirming, based on the domestic relations exception, the district court's dismissal of the plaintiff's complaint alleging, *inter alia*, that the defendants "fraudulently misrepresented to the court the former couple's residence in order to file divorce proceedings in New York," and, as a result, plaintiff was "deprived of custody and visitation rights"). By requesting the court to issue

11

(1) an injunction ordering the return of their children, (2) a stay and removal of the proceedings in state court, and (3) an order of protection against the defendants, as well as the Department of Social Services, it is clear that plaintiffs' claims center around a child custody dispute litigated in state court. Dkt. No. 1 at 7. Because the complaint concerns state law domestic relations matters, and in particular, because plaintiffs seek to have determinations regarding custody overturned and the return of their children, I recommend the claims be dismissed for lack of subject matter jurisdiction.[5] *Schottel*, 2009 WL 230106, at *1; *Chadee v. Kaufman*, No. 12-CV-3098, 2012 WL 2564408, at *2 (E.D.N.Y. June 26, 2012) (dismissing the plaintiff's claims challenging the order granting custody of her child to the father, notwithstanding the fact that the plaintiff had invoked her constitutional rights); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 519-20 (E.D.N.Y. Mar. 29, 2010) (dismissing those claims that (1) claim injury from the family court's custody orders, (2) allege breach of custody agreement,

---

[5] If plaintiffs sought only money damages and asserted constitutional claims associated with actions of the defendants in connection with the state court matters, a different result would obtain, and it is doubtful that the domestic relations exception would apply in those circumstances. *See Thomas*, 814 F. Supp. at 1146-47.

and (3) challenge the specific placement of a child pursuant to the family court's order).

### b. *Rooker-Feldman* Doctrine

Like the domestic relations exception, the *Rooker-Feldman* doctrine also relates to "lack of subject matter jurisdiction, and may be raised at any time by either party or sua sponte by the court." *Moccio v. N.Y.S. Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996) (citations omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction to consider a plaintiff's claim when "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (citation omitted).

This preclusion "merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme Court]." *Verizon Md. Inc. v. Public Svc. Comm'n*

*of Md.*, 535 U.S. 635, 644 n.3 (2002). In other words, district courts do not have jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The Supreme Court cautioned, however, that an action "present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached" is not precluded by the doctrine because "state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293 (quotation marks omitted). In short, *Exxon Mobil* effectively laid to rest the suggestion raised by many courts – including the Second Circuit – that the *Rooker-Feldman* doctrine and state court law of preclusion are co-extensive, explicitly noting that the doctrine "does not otherwise override or supplant preclusion doctrine[.]" *Id.* at 284.

As noted above in part II.B.2.a., plaintiffs' complaint explicitly asks the court to interfere with state court proceedings by requesting the court to, *inter alia*, enjoin defendants to return plaintiffs' children to them and stay the proceedings in state court. Dkt. No. 1 at 7. These requests squarely

implicate the *Rooker-Feldman* doctrine. Accordingly, I recommend the complaint be dismissed on this basis, as well.

### c. Plaintiffs' HIPPA Claim

In their complaint, plaintiffs attempt to raise a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), codified in part at 42 U.S.C. § 1320d *et seq*. Dkt. No. 1 at 5. It is well-established, however, that there is no private right of action under HIPAA. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006); *accord, Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *Ross v. Westchester Cnty. Jail*, No. 10-CV-3937, 2012 WL 86467, at *9 (S.D.N.Y. Jan. 11, 2012); *Warren Pearl Const. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp.2d 371, 377 (S.D.N.Y. 2009). Accordingly, any cause of action arising under HIPAA is subject to dismissal.

### C. Leave to Amend

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see*

*also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, it is possible that, through better pleading, plaintiffs will be able to set forth facts sufficient to demonstrate that the court has subject matter jurisdiction over any cause of action arising from their allegations. As to their HIPPA claim, however, because it plainly lacks merit, it should be dismissed with prejudice and without leave to replead. Accordingly, I

16

recommend that the court grant plaintiffs an opportunity to submit an amended complaint in this matter, except as it relates to their HIPPA claim.[6]

If plaintiffs choose to file an amended complaint, they should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL

---

[6] Plaintiffs should note that, to survive scrutiny, a claim asserted under section 1983 must allege facts that plausibly suggest state action on the part of each named defendant. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir.1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."). Private parties are generally not amenable to suit under section 1983 because they are not state actors. *Bhatia v. Yale Sch. of Med.*, 347 F. App'x 663, 664 (2d Cir. 2009). "[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974); *accord, Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("[A] private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." (quotation marks omitted)).

Plaintiffs are also advised that, to the extent defendant Cassidy, who is identified as a Tompkins County Family Court Judge, is sued based on actions taken in his capacity as a judge, he is entitled to immunity from suit. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been and however injurious its consequences were to the plaintiffs. *Young*, 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiffs must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of each of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiffs are informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ('It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. <u>SUMMARY AND RECOMMENDATION</u>

Plaintiffs' IFP applications in this matter are complete, and demonstrate their eligibility for IFP status. Accordingly, those applications will be granted. Turning to the merits of plaintiffs' complaint, and the court's

review of their claims pursuant to 42 U.S.C. § 1915(e), I conclude that the court lacks subject matter jurisdiction over their claims as currently stated. Accordingly, it is hereby

ORDERED that plaintiffs' applications for leave to proceed *in forma pauperis* in this action (Dkt. No. 2, 3) are GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiffs' complaint in this action be DISMISSED in its entirety, with leave to replead within thirty days from the date of an order approving this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.   Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: October 6, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge