UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELIZABETH R. LEEKS, *et al.*,

                Plaintiffs,

      -against-                                  5:15-cv-0826 (LEK/DEP)

HANNAH R. AMBERGE, *et al.*,

                Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on October 6, 2015, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 9 ("Report-Recommendation"). *Pro se* Plaintiffs Elizabeth Leeks and Joseph Leeks, III ("Plaintiffs") timely filed Objections. Dkt. No. 13 ("Objections").[1]

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid

---

[1] Plaintiffs were originally given until October 23, 2015 to respond to the Report-Recommendation. Rep.-Rec. On October 21, 2015, Plaintiffs filed a Letter Motion requesting an extension of time in which to file objections to November 2, 2015. Dkt. No. 11 at 2. This request was granted by the Court that same day. Dkt. No. 12. Plaintiffs filed their Objections on November 2, 2015. Objs.

v. Bouey, 554 F. Supp. 2d 301, 306-07 & 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).

## III. DISCUSSION

Plaintiffs list seven objections to the Report-Recommendation.[2] First, Plaintiffs object to the dismissal of the Complaint without a responsive pleading filed by Defendants. Objs. ¶ 1. This, however, is consistent with federal procedure, as mentioned in the Report-Recommendation. Rep.-Rec. at 6 ("[28 U.S.C. § 1915(e)] directs that, when a plaintiff seeks to proceed IFP, 'the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'" (quoting 28 U.S.C. § 1915(e)(2)(B))). While Plaintiffs note that Defendants' consent "is not needed to file" their case, Objs. ¶ 1, this is irrelevant to the federal statute under which their case is being dismissed without prejudice, as the Court is dismissing the Complaint as part of its initial review.

In their second, third, and fourth objections, Plaintiffs claim that they have pleaded enough

---

[2] Plaintiffs' Objections are listed in eight numbered paragraphs. Objs. However, paragraph four does not contain any objections and is thus not counted. Id. ¶ 4.

facts to establish constitutional violations under equal protection and due process theories. Id. ¶¶ 2-3, 5. Plaintiffs discuss several facts in their Objections, including Defendants' failure to provide "clear and convincing evidence" to rebut Plaintiffs' allegations, id. ¶¶ 3, 5, and the fact that all Defendants are white, id. ¶ 2. Plaintiffs claim that these facts, in conjunction with other conclusory statements, are sufficient to prove a constitutional violation. Id. However, the Report-Recommendation did not reach the merits of Plaintiffs' claims, instead identifying procedural bars to Plaintiffs' claims that Plaintiffs must address in order for their case to move forward. Rep.-Rec. at 9-12 (discussing the domestic relations exception to federal court subject matter jurisdiction); 13-15 (discussing the Rooker-Feldman doctrine and its relevance to Plaintiffs' claims). Plaintiffs' objections that their claims are meritorious does not lift these bars, and thus these objections would not change the outcome of the Report-Recommendation.

Plaintiffs' fifth objection concerns the presence of subject matter jurisdiction in this case. Objs. ¶ 6. The main thrust of Plaintiffs' claim is that "Congress gave the courts exclusive jurisdiction over constitutional issues when such is raised" and that any violation of the Constitution must be possible to bring in federal court. Id. Plaintiffs also rely on Santosky v. Kramer, 455 U.S. 745 (1982), to illustrate that family law matters can be adjudicated in federal court. Plaintiffs' arguments here are without merit. The Supreme Court has clearly established precedent noting that exceptions to federal question jurisdiction exist, particularly for issues such as domestic relations which the states are better equipped to handle. Ankenbrandt v. Richards, 504 U.S. 689, 693-95 (1992); see also Marshall v. Marshall, 547 U.S. 293, 308-09 (2006) (recognizing the continued validity of the domestic relations exception and affirming the validity of a similar probate exception). Santosky is inapplicable in this case because although it is a Supreme Court case

3

discussing the federal constitutionality of the New York state statute at issue, it was originally a family court proceeding and was appealed through state court channels as opposed to being refiled in federal court, as Plaintiffs have done here. 455 U.S. at 751-52. As a case in state court, Santosky is therefore not subject to the same narrow subject-matter jurisdictional requirements as a case filed for the first time in district court.

As the Report-Recommendation notes, Plaintiffs may "be able to set forth facts sufficient to demonstrate that the court has subject matter jurisdiction" in an amended complaint. Rep.-Rec. at 16. Plaintiffs should note that they will have to argue both that their suit is not primarily "aimed at regaining custody of their infant children" and instead focus more primarily on the money damages claims Plaintiffs have alleged, or in the alternative, that they did not have an opportunity to litigate the custody issue further in the state courts. Id. at 11-12; see also Am. Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990) ("A federal court presented with . . . issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts."); Keane v. Keane, No. 08 Civ. 10375, 2012 WL 6582380, at *1 (S.D.N.Y. Dec. 17, 2012) (noting that claims solely seeking monetary relief are typically, although not always, outside of the domestic relations exception).

The sixth objection Plaintiffs raise contests the applicability of the Rooker-Feldman doctrine to this case. Plaintiffs request that the Court, instead of "presid[ing] over the matter," look only "at the actions that led to this claim." Objs. ¶ 7. However, they have not alleged any facts discussing why the requirements of Rooker-Feldman have not been met. Plaintiffs, should they file an amended complaint, must state that at least one of the following circumstances is not present in this case: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state

court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." Rep.-Rec. at 13 (quoting McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010)).

Plaintiffs' final objection states that the procedural issues in this case should not be a bar to service, and liberally construed, requests that preliminary injunctive relief be granted. Objs. ¶ 8. However, allowing Plaintiffs to serve a pleading that has already been dismissed is futile. Plaintiffs are advised that if they file an amended complaint that corrects the issues present in the original Complaint and such amended complaint passes the Court's initial review, Defendants will then be required to answer that amended complaint. Additionally, since the Complaint is to be dismissed in its entirety as a result of the Court's initial review, Plaintiffs' request for a preliminary injunction notwithstanding the procedural defects must be denied. Campos v. Zuntag, No. 15-CV-2862, 2015 WL 6972062, at *1, *6 (E.D.N.Y. Nov. 9, 2015).

In addition to Plaintiffs' objections above, the Court has reviewed the Report-Recommendation for clear error and has found none. Plaintiffs' HIPPA claims are therefore dismissed, and Plaintiffs' constitutional claims are dismissed without prejudice and with leave to file an amended complaint. Plaintiffs are advised that consistent with the Report-Recommendation, an amended complaint should not simply contain "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" but rather should clearly narrate a story using specific facts that allow the Court to apply the legal standards to the facts provided by Plaintiffs. Rep.-Rec. at 9 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## IV. CONCLUSION

Accordingly, it is hereby:

5

**ORDERED**, that the Report-Recommendation (Dkt. No. 9) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiffs' claims under HIPPA are **DISMISSED** for failure to state a claim as a matter of law; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. § 1915(e), with leave to replead Plaintiffs' constitutional claims **within thirty (30) days** of this Order. Plaintiffs' failure to file an amended complaint within **thirty (30) days** of the filing date of this Order will result in the dismissal of this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 15, 2016
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge